IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


BING YANG,                          )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )          1:22CV5
                                    )
SAMUEL LAI, WHITNEY WOLF,           )
BARBARA BELL, and BECCI             )
MENGHINI (UNC CHAPEL HILL),         )
                                    )
        Defendants.                 )


**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

    Plaintiff Bing Yang, proceeding pro se, filed suit against
Defendants Samuel Lai, Whitney Wolf, Barbara Bell, and Becci
Menghini, claiming violations of the Age Discrimination in
Employment Act of 1967 ("ADEA"). (See Compl. (Doc. 1).)
Defendants move to dismiss the complaint. (Doc. 10.) Plaintiff
has filed a motion to disqualify counsel, (Doc. 13), and
Defendants have filed a motion to strike Plaintiff's sur-reply,
(Doc. 20). For the following reasons, this court will grant
Defendants' motion to dismiss, (Doc. 10), deny Plaintiff's
motion to disqualify counsel, (Doc. 13), and grant Defendants'
motion to strike, (Doc. 20).

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (internal quotation marks omitted) (quoting King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016)). The facts, taken in the light most favorable to Plaintiff, are as follows.

Plaintiff was a Research Specialist at the University of North Carolina at Chapel Hill's Eshelman School of Pharmacy for almost twenty-seven years. (Compl. (Doc. 1) at 4–6; Ex. 1, Charge of Discrimination ("EEOC Charge") (Doc. 10-1) at 1.)[1],[2] Plaintiff is fifty-eight years old. (Compl. (Doc. 1) at 5.) Defendant Lai is Plaintiff's supervisor. (See id. at 12.) Plaintiff reported to Defendant Bell, but she did not supervise Plaintiff. (See id. at 5–6.) Defendant Wolf is one of

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] This court takes judicial notice of Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge, (EEOC Charge, (Doc. 10-1)), and right to sue letter, (Doc. 1-1)), as matters of public record. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Robinson v. Bowser, No. 1:12CV301, 2013 WL 3791770, at *5 (M.D.N.C. July 19, 2013); see also Alexander v. City of Greensboro, No. 1:09-CV-293, 2011 WL 3360644, at *6 n.8 (M.D.N.C. Aug. 3, 2011).

-2-

Plaintiff's coworkers. (See id. at 10.) Defendant Menghini is the Vice Chancellor for Human Resources and Equal Opportunity and Compliance at the University of North Carolina-Chapel Hill. (Id. at 7.)

Plaintiff alleges that beginning in April 2019, Defendants discriminated and retaliated against Plaintiff because of his age. (Id. at 4-5.) Defendants Bell and Wolf yelled, cursed, and made belittling comments at Plaintiff. (Id. at 5, 9-10, 12-13.) Younger students in the lab teased and taunted Plaintiff as well. (Id. at 6.) Defendant Lai moved Plaintiff into an isolated office away from other lab members and gave him the lowest score possible on his annual performance reviews. (Id. at 7, 10.) Defendants blocked Plaintiff's access to forms integral to his work. (Id. at 6.)

In addition to being discriminated against because of his age, Plaintiff alleges he was retaliated against in the following ways. First, Plaintiff alleges he was retaliated against because he reported discrimination and harassment to his human resources department many times. (Id. at 6-7, 9.) Second, Plaintiff alleges that from August 2016 to February 2018, Defendant Lai asked Plaintiff to perform laboratory work for Defendant Lai's private company. (Id. at 11.) Plaintiff eventually refused to continue performing the work and filed a

-3-

report about it. (Id.) Plaintiff alleges he was retaliated against for reporting about this work to his employer. (Id.) Third, Plaintiff alleges he was retaliated against because Defendant Lai made changes to Plaintiff's job description and certain job tasks were taken away. (Id. at 7.)

Plaintiff's last day of employment was April 30, 2021. (Id. at 8.) Plaintiff alleges he was forced to retire early. (Id. at 6.) Plaintiff was told there was a lack of funding for his position, but a younger, more junior coworker with the same title was able to keep her job. (Id.) Shortly after Plaintiff left, Defendant Lai announced he was hiring three postdocs and two new technicians. (Id.) Defendant Lai also had a Research Specialist position posted until December 15, 2021. (Id. at 7.)

On June 16, 2021, Plaintiff filed charges with the EEOC. (Id. at 4; see also EEOC Charge (Doc. 10-1).) The EEOC issued a right to sue letter on October 29, 2021. (Compl. (Doc. 1) at 4; Doc. 1-1.)

Additional facts will be discussed herein as necessary.

**B.   Procedural Background**

On January 6, 2021, Plaintiff filed a Complaint, alleging age discrimination and retaliation in violation of the ADEA. (Compl. (Doc. 1).) Defendants moved to dismiss, (Doc. 10), and filed a brief in support, (Br. in Supp. of Defs.' Mot. to

Dismiss ("Defs.' Br.") (Doc. 11)). Plaintiff responded, (Pl.'s
Resp. to 'Defs.' Mot. to Dismiss & Br. in Supp. of Mot. to
Dismiss' ("Pl.'s Resp.") (Doc. 15)), and Defendants replied,
(Reply Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 16)).
Plaintiff responded to Defendants' reply. (Pl.'s Resp. to
"Defs.' Reply Br. in Supp. of their Mot. to Dismiss" ("Pl.'s
Sur-Reply") (Doc. 18).)

Additionally, Plaintiff filed a motion to disqualify
counsel, (Pl.'s Mot. to Dismiss ("Pl.'s Mot.") (Doc. 13)), to
which Defendants responded, (Defs.' Resp. to Pl.'s Mot. to
Dismiss ("Defs.' Resp.") (Doc. 17)), and Plaintiff replied,
(Pl.'s Reply to Defs.' Resp. to his Mot. to Dismiss & Br. in
Supp. of Mot. to Dismiss ("Pl.'s Reply") (Doc. 19)).

Defendants moved to strike Plaintiff's sur-reply,
(Doc. 20), and filed a brief in support, (Defs.' Br. in Supp. of
their Mot. to Strike (Doc. 21)). Plaintiff responded. (Pl.'s
Resp. to "Defs.' Mot. to Strike & Br. in Supp. of their Mot. to
Strike" (Doc. 23).)

## II.  **PLAINTIFF'S MOTION TO DISQUALIFY OPPOSING COUNSEL**

Plaintiff moves to disqualify the North Carolina Attorney
General from representing Defendants Lai, Wolf, and Bell. (Pl.'s
Mot. (Doc. 13) at 1.) Plaintiff argues North Carolina's Defense
of State Employees Act, N.C. Gen. Stat. § 143-300.2 et seq.,

-5-

does not apply because Defendants Lai, Wolf, and Bell's actions were not within the scope and course of their employment. (See id. at 1-3.) Plaintiff believes he is also entitled to representation by the North Carolina Attorney General's office. (Id. at 2-3.)

Under North Carolina's Defense of State Employees Act, an employee can request representation "for the defense of any civil or criminal action or proceeding brought against him in his official or individual capacity, or both, on account of an act done or omission made in the scope and course of his employment as a State employee." N.C. Gen. Stat. § 143-300.3. If the act or omission was not within the scope and course of the employee's employment, then North Carolina must refuse to defend the employee. Id. § 143-300.4(a)(1). North Carolina's Attorney General, or someone to whom the North Carolina Attorney General delegates authority, determines whether the employee was acting within the scope and course of his employment. Id. § 143-300.4(b).

In this case, the North Carolina Attorney General has elected to represent Defendants Lai, Wolf, Bell, and Menghini. (See Doc. 8.) This court presumes that the North Carolina Attorney General or his delegate has determined that Defendants were acting within the scope and course of their employment

because if they were acting outside the scope and course of their employment the North Carolina Attorney General cannot defend them. See N.C. Gen. Stat. § 143-300.4(a)(1). To the extent Plaintiff asks this court to usurp the North Carolina Attorney General's decision to represent Defendants in this case, this court declines to do so. According to the plain language of the Act, that determination lies solely with the North Carolina Attorney General or his designee. See id. § 143-300.4(b). This court therefore finds that Plaintiff's motion to disqualify counsel, (Doc. 13), should be denied.[3]

Additionally, to the extent Plaintiff argues he is entitled to representation by the North Carolina Attorney General, the plain language of the Act also compels this court to deny that request. The Act provides representation to defend against a civil or criminal charge, not representation to bring suit. See N.C. Gen. Stat. § 143-300.3. This court therefore finds that

---

[3] Plaintiff also appears to argue a conflict of interest exists. (See Pl.'s Reply (Doc. 19) at 6.) To disqualify counsel based on a conflict of interest, the moving party must show: "(1) an attorney-client relationship existed with the alleged former client; and (2) the former representation and the current controversy must be substantially related." Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 514, 517 (M.D.N.C. 1996). Plaintiff has not shown an attorney-client relationship previously existed between himself and the North Carolina Attorney General.

Plaintiff, as the individual bringing suit, is not entitled to representation by the North Carolina Attorney General.

## III. **MOTION TO STRIKE**

Defendants have moved to strike, (Doc. 20), Plaintiff's sur-reply, (Pl.'s Sur-reply (Doc. 18)). "Surreplies are generally disfavored." Olvera-Morales v. Int'l Labor Mgmt. Corp., 246 F.R.D. 250, 254 (M.D.N.C. 2007). Rule 7.3 of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina provides for the filing of a motion, a response to a motion, and a reply. See LR 7.3; DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). Generally, parties do not have the right to file a sur-reply and may only do so "hen fairness dictates, such as when new arguments are raised in the reply brief. See United States v. Falice, No. 1:04CV878, 2006 WL 2488391, at *7 (M.D.N.C. Aug. 25, 2006) (denying leave to file a sur-reply when no new arguments were raised in the reply). The proposed sur-reply does not allege new arguments were raised by the reply, nor does it change the analysis set forth herein. This court will therefore strike Plaintiff's sur-reply, (Pl.'s Sur-reply (Doc. 18)).

Case 1:22-cv-00005-WO-LPA   Document 24   Filed 07/05/22   Page 8 of 23

## IV. __DEFENDANTS' MOTION TO DISMISS__

### A. __Standards of Review__

Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the grounds that Plaintiff cannot sue Defendants in their individual capacities under the ADEA, Plaintiff failed to exhaust his administrative remedies, and Plaintiff's claims are untimely. (<u>See</u> Defs.' Br. (Doc. 11) at 4–9.) Defendants also move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim. (<u>See</u> <u>id.</u> at 9–13.)

Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. <u>See</u> <u>Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.</u>, 166 F.3d 642, 647 (4th Cir. 1999). In a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991); <u>see also</u> <u>Evans</u>, 166 F.3d at 647. The court should grant the Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving

-9-

party is entitled to prevail as a matter of law." Richmond, 945 F.2d at 768.

In Fort Bend County v. Davis, the Supreme Court held that Title VII's administrative exhaustion requirement is not a jurisdictional issue. 139 S. Ct. 1843, 1850-52 (2019). Courts in the Fourth Circuit have applied Davis to the ADEA, which has a similar administrative exhaustion requirement. See, e.g., Guluma v. DeJoy, Case No.: DLB-20-3588, 2022 WL 1642261, at *2 (D. Md. Mar. 24, 2022) (treating a Rule 12(b)(1) motion to dismiss Title VII and ADEA claims for failure to exhaust administrative remedies as a Rule 12(b)(6) motion); see also Olivarria v. Cooper, 776 F. App'x 128, 129 (4th Cir. 2019) (mem.) (remanding because the district court found it lacked jurisdiction over an unexhausted Title VII claim and suggesting the exhaustion requirement is not jurisdictional). Accordingly, this court will analyze Defendants' argument regarding Plaintiffs' failure to exhaust under Rule 12(b)(6).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Id. When ruling on a motion to dismiss, this court accepts the complaint's factual allegations as true. Id. Further, this court liberally construes "the complaint, including all reasonable inferences therefrom . . . in the plaintiff's favor." Est. of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004). This court does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[C]ourts are not required," however, "to conjure up questions never squarely presented to them." Deabreu v. Novastar Home Mortg., Inc., 536 F. App'x 373, 375 (4th Cir. 2013) (per curiam) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)). "The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an

advocate." Weller v. Dep't of Soc. Servs. for City of Balt., 901
F.2d 387, 391 (4th Cir. 1990).

**B.    Suit Against Defendants in their Individual Capacities**

The ADEA "do[es] not provide for causes of action against
[D]efendants in their individual capacities." Jones v.
Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (per curiam);
see also McNeal v. Montgomery Cnty., 307 F. App'x 766, 774 n.6
(4th Cir. 2009) ("[O]nly an employer, and not an individual
employee, may be held liable under the ADEA."); Baird ex rel.
Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (holding that
neither Title VII nor the ADA provides for actions against
individual defendants for violation of its provisions); Birkbeck
v. Marvel Lighting Corp., 30 F.3d 508, 510-11 (4th Cir. 1994).

This court finds that, to the extent Plaintiff has sued
Defendants in their individual capacities, they are not proper
defendants in this case. See Birkbeck, 30 F.3d at 511.

**C.    Failure to Exhaust Administrative Remedies**

Defendants argue Plaintiff has failed to exhaust his
administrative remedies with the EEOC because he has not filed
an EEOC charge naming Defendants as respondents. (Defs.' Br.
(Doc. 11) at 6-7.)

Before a plaintiff may file suit under the ADEA, he is
required to file a charge of discrimination with the EEOC. See

-12-

29 U.S.C. § 626(d). Proper EEOC charges must meet several requirements. The charge must be in writing and verified under oath or affirmation under penalty of perjury. See Edelman v. Lynchburg Coll., 535 U.S. 106, 112 (2002). A charge is sufficient "only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (quoting 29 C.F.R. § 1601.12(b) (2004)). Moreover, the scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). And "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). Likewise, individual defendants who were not named as respondents in EEOC charges generally cannot be held liable in federal court. See Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998) ("Under Title VII and the ADEA, a civil action may be brought only 'against the respondent named in the charge.'" (quoting 42 U.S.C. § 2000e-5(f)(1))).

"The failure to name a party in an EEOC charge may constitute a failure to exhaust administrative remedies . . . ." EEOC v. 1618 Concepts, Inc., 432 F. Supp. 3d 595, 603 (M.D.N.C. 2020). "The purpose of the naming requirement is two-fold: (1) to notify the charged party of an alleged violation, and (2) to secure the charged party's compliance with the law." Id. (citing Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 458-59 (4th Cir. 1988)). "If these two purposes are satisfied, the naming requirement has also been satisfied." Id. (citing Causey, 162 F.3d at 800-01). Courts analyze whether plaintiffs have satisfied the ADEA's naming requirements "under the Rule 12(b)(6) standard." Id.

Some courts in the Fourth Circuit have recognized a "substantial identity" exception to the general rule that an ADEA civil action may only be brought against the respondent listed on the EEOC charge. See Alvarado, 848 F.2d at 461 (identifying seven district court decisions in the Fourth Circuit applying the exception and finding that "where there is substantial, if not complete identity of parties before the EEOC and the court, it would require an unnecessarily technical and restrictive reading of the statute to deny jurisdiction" (cleaned up) (quoting EEOC v. Am. Nat'l Bank, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981))); Shaughnessy v. Duke Univ., No. 1:18-

-14-

CV-461, 2018 WL 6047277, at *3 (M.D.N.C. Nov. 19, 2018); Keener v. Universal Cos., 128 F. Supp. 3d 902, 915 (M.D.N.C. 2015). Under the "substantial identity" test, "[i]f unnamed defendants are substantially or 'functionally' identical to named [respondents], then the plaintiff may sue all defendants in a district court action, despite failing to name some of them in the administrative action." Mayes v. Moore, 419 F. Supp. 2d 775, 783 (M.D.N.C. 2006).

> Under this exception, courts consider four factors:
>
> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [respondent] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named [respondent].

Id. (quoting Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)). This court will consider each factor in turn.

Under the first factor, the allegations in Plaintiff's Complaint support a reasonable inference that Plaintiff could have ascertained the names of the unnamed Defendants through reasonable effort. Plaintiff's Complaint is rife with allegations of discrimination concerning all Defendants. (See

-15-

Compl. (Doc. 1.) Plaintiff has even apparently reported Defendants' behavior to human resources before. (See id. at 6, 9–11, 13.) The facts alleged support a reasonable inference that Plaintiff could have ascertained the role of the unnamed Defendants through reasonable effort at the time he filed his EEOC charge, and this court finds that the first factor weighs in favor of Defendants.

Under the second factor, Plaintiff has failed to plausibly allege that the interests of University of North Carolina – Chapel Hill, the named respondent in the EEOC charge, are so similar to those of the unnamed Defendants that it would be unnecessary to include the unnamed Defendants in the EEOC proceedings. In Efird v. Riley, the court refused to dismiss claims against a sheriff where only the sheriff's department as a whole had been named as respondent in the EEOC charge. 342 F. Supp. 2d 413, 423 (M.D.N.C. 2004). The court reasoned that because, by statute, the sheriff had the exclusive right to hire, discharge, and supervise the employees in his office and was the official party that could be held liable for employment law violations committed by the sheriff's department, the sheriff himself had reason to know his conduct was at issue and he could be held responsible in his official capacity. Id. at 420, 422. Moreover, the sheriff had participated in the EEOC

-16-

proceeding. Id. at 423; see also Alvarado, 848 F.2d at 460
(finding naming requirement satisfied where charge listed
college and complaint listed college's board of trustees);
McAdoo v. Toll, 591 F. Supp. 1399, 1402, 1404 (D. Md. 1984)
(finding naming requirement satisfied where charge listed
University of Maryland and the complaint included specific
university officials, such as the President, Chancellor, and
Provost, in their official capacities).

However, in Davis v. BBR Management, LLC, the court
dismissed the individual defendants not named in the EEOC
charge. Civil Action No. DKC 10-0552, 2011 WL 337342, at *5 (D.
Md. Jan. 31, 2011). There, the plaintiff filed a charge of
discrimination identifying "Babcock & Brown Residential-Holly
Tree as the discriminating employer." Id. at *1. The plaintiff
then brought suit in federal court against that entity and two
individuals. See id. The defendants moved to dismiss, "argu[ing]
that Plaintiff failed to exhaust her remedies with respect to
the claims against Defendants Wall and Craft because they were
not identified in the charge that was filed with the EEOC." Id.
at *3. The plaintiff contended the claims against the unnamed
individuals "should not be dismissed even though they were not
named in the EEOC charge because their employer was named and
they were described in the facts portion of the charge." Id. at

-17-

\*4. The court disagreed with the plaintiff, and found that "the individual defendants named in Plaintiff's complaint had no reason to know of the EEOC charge and were not in positions to make them substitutable for or essentially identical to the named respondent in the charge." Id. at \*5. Moreover, "[t]he fact that their names were mentioned in the particulars section of the charge is not adequate." Id. Therefore, the court dismissed the claims against the individual defendants. Id.; accord Hampton v. Wal-Mart Stores E., L.P., Civil No. 1:09cv327, 2010 WL 99081, at \*2 (W.D.N.C. Jan. 6, 2010) (recognizing that courts have "consistently held" that if a defendant is not named as a respondent in an EEOC charge, a plaintiff cannot state a claim against that defendant in federal court).

Here, the relationship of unnamed Defendants to the named respondent, University of North Carolina – Chapel Hill, "is not so similar that the interests of the [named party] would render the presence of [Defendants] unnecessary in the administrative process." Scurry v. Lutheran Homes of S.C., Inc., C/A No. 3:13-2808-JFA-PJG, 2014 WL 4402797, at \*4 (D.S.C. Sept. 3, 2014). Here, Defendants are in the same position as the individual defendants in Davis. There are no allegations that Defendants "had . . . reason to know of the EEOC charge," or "were . . . in positions to make them substitutable for or essentially

-18-

identical" to University of North Carolina - Chapel Hill. Davis, 2011 WL 337342, at *5. Accordingly, this factor also weighs in favor of Defendants. Because Defendants' interests are not so similar to University of North Carolina – Chapel Hill's that their presence was unnecessary, it follows that under the fourth factor, the University did not represent the other Defendants' interests. See Mayes, 419 F. Supp. 2d at 783 (finding where second factor weighed in favor of the unnamed defendants, the fourth factor also weighed in those defendants' favor).

"The third factor considers actual prejudice to the unnamed party" stemming from its absence during the EEOC proceedings. 1618 Concepts, 432 F. Supp. 3d at 605. Plaintiff's Complaint does not provide any information about the inquiry conducted during those proceedings, aside from attaching the right to sue notice to his Complaint. (See Doc. 1-1.) In that notice the EEOC stated that the EEOC made "no determination about whether further investigation would establish violations of the statute." (Id.) The EEOC thus did not explicitly find against University of North Carolina – Chapel Hill as a result of its investigation, so this court could reasonably infer that there was not "actual prejudice" against the University or the unnamed Defendants. See Bockman v. T&B Concepts of Carrboro, LLC, 1:19CV622, 2020 WL 5821169, at *9 (M.D.N.C. Sept. 30, 2020). But

other courts have held that when "the EEOC filings in the record do not indicate that any party represented the interest of the [unnamed defendants] during the administrative proceeding," this factor should weigh in favor of the unnamed defendants. See Scurry, 2014 WL 4402797, at *4. Accordingly, this court finds this third factor is neutral, and perhaps weighs slightly in Plaintiff's favor.

Examining all the relevant factors, this court finds that the dual purposes of the naming requirement have not been satisfied. See 1618 Concepts, 432 F. Supp. 3d at 603. Of the four factors, courts have found that "the second and third speak most directly to the dual purposes of the Title VII naming requirement," id. at 604, because "they are most reflective of the two-fold purpose of the naming requirement, that is, providing notice and an opportunity for voluntary conciliation." Keener, 128 F. Supp. 3d at 915–16 (cleaned up) (quoting Alexander v. Diversified ACE Servs. II, AJV, No. 1:11CV725, 2014 WL 502496, at *9 (M.D.N.C. Feb. 7, 2014)). Because the facts alleged fail to support a reasonable inference that Defendants had notice of the charges against them, and that their interests were fairly represented by the named party, this court will dismiss Plaintiff's ADEA claims against Defendants for failure

to exhaust the required administrative procedures. Accordingly, all the claims against Defendants will be dismissed.

Because this court finds all the claims against Defendants should be dismissed because Plaintiff failed to name them in his EEOC charge, this court declines to consider at this juncture whether Plaintiff's claims are untimely or whether Plaintiff has plausibly alleged ADEA discrimination and retaliation claims.

### D. **Opportunity to Amend Complaint**

Whether to dismiss with prejudice under Rule 12(b)(6) lies with the court's discretion. <u>Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.</u>, 761 F.2d 970, 974 (4th Cir. 1985). Dismissal with prejudice is warranted where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability." <u>Cozzarelli v. Inspire Pharms., Inc.</u>, 549 F.3d 618, 630 (4th Cir. 2008).

Amendment of Plaintiff's Complaint to add the employer named in his charge of discrimination, University of North Carolina – Chapel Hill, would not necessarily be futile. And considering Plaintiff's pro se status, this court finds good cause for allowing Plaintiff the opportunity to amend his Complaint to add the proper defendant. This court declines to consider the merits of Plaintiffs' ADEA claims without a proper defendant, and it may prove that Plaintiff has plausibly alleged

-21-

those claims to survive a motion to dismiss. This court will stay the order dismissing this case as to the named Defendants and allow Plaintiff twenty-one days to amend his Complaint in light of the discussion in this memorandum opinion and order. Accordingly, Plaintiff's Complaint is dismissed without prejudice. If Plaintiff elects not to file an amended complaint in that timeframe, this court will dismiss the claims with prejudice and order the case closed.

V.    **CONCLUSION**

For the foregoing reasons, this court will deny Plaintiff's motion to disqualify, (Doc. 13), grant Defendants' motion to strike, (Doc. 20), and grant Defendants' motion to dismiss, (Doc. 10).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to disqualify, (Doc. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike, (Doc. 20), is **GRANTED** and Plaintiff's sur-reply, (Doc. 18), is hereby **STRUCK.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, (Doc. 10), is **GRANTED**, and Plaintiff's Complaint is dismissed without prejudice. This order is **STAYED** for twenty-one days on the condition set forth below.

-22-

**IT IS FURTHER ORDERED** that Plaintiff has twenty-one days in which to file an amended complaint. If Plaintiff elects not to file an amended complaint, this court will dismiss the claims with prejudice and order the case closed.

This the 5th day of July, 2022.

_____
United States District Judge