IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
BING YANG,                          )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )
                                    )      1:22-cv-5
UNIVERSITY OF NORTH CAROLINA        )
AT CHAPEL HILL,                     )
                                    )
         Defendant.                 )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is Defendant's Motion to Dismiss the Second Amended Complaint, filed by the University of North Carolina at Chapel Hill ("Defendant"). (Mot. to Dismiss (Doc. 56).) For the reasons stated below, the motion will be granted.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Bing Yang ("Plaintiff"), proceeding pro se, filed a Second Amended Complaint, (Compl. (Doc. 43)), naming University of North Carolina at Chapel Hill as the "Main Defendant," and four individuals previously named in his original complaint as "Defendants In Alternative." (Compl. (Doc.

43) at 1–4.)[1] On November 17, 2023, this court granted in part Defendants' Motion to Strike and struck allegations in the Second Amended Complaint as to the "Alternative Defendants." (Order (Doc. 50) at 7.)

Plaintiff was employed as a Research Specialist at the University of North Carolina at Chapel Hill's Eshelman School of Pharmacy for over thirty years. (Compl. (Doc. 43) at 5–6, 7, 10.) He is fifty-eight years old. (Id. at 8.) Plaintiff alleges that from March 2019 to December 2021 Plaintiff was subject to a hostile work environment and was discriminated and retaliated against based on his age. (Id. at 7.)

Construing Plaintiff's Second Amended Complaint liberally, he brings claims against Defendant for age discrimination, retaliation, and harassment pursuant to the Age Discrimination in Employment Act ("ADEA"). (See generally Compl. (Doc. 43).) Plaintiff also purports to assert various common law claims including "reckless breach of fiduciary duty," "malice," "punitive damages," "intentional inflection of emotional distress," and "unjust enrichment." (Id. at 14–16)

---

[1] All citations in this Memorandum Opinion and Order to documents filed within the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

On December 15, 2023, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). (Mot. to Dismiss (Doc. 56).) Defendant argues: (1) this court lacks personal jurisdiction over UNC based on lack of service; (2) Plaintiff's discrimination and retaliation claims are untimely; (3) Plaintiff fails to allege facts to support his discrimination or (4) retaliation claims; (5) Defendants are immune from Plaintiff's state law claims; and (6) Plaintiff fails to allege facts to support his state law claims. (Mem. (Doc. 57) at 5–6.)

## II.  **SERVICE OF PROCESS**

Under Rule 12(b)(5), a defendant may raise insufficient service of process as a defense. Fed. R. Civ. P. 12(b)(5). "The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Chrisp v. Univ. of N.C.-Chapel Hill, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020) (citation omitted). The rules governing service apply equally to pro se plaintiffs. See Shaver v. Cooleemee Volunteer Fire Dept., No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (unpublished).

Defendant moves to dismiss for insufficient service of process because Plaintiff never served Defendant University of

- 3 -

North Carolina. (Mem. (Doc. 57) at 11-12.) Plaintiff responds that he emailed various individuals within the University of North Carolina system a copy of the Second Amended Complaint, and "has taken all reasonable steps to notify the Defendant of the legal action." (Pl.'s Resp. (Doc. 58) at 7-8.) Defendant replies that Plaintiff has failed to serve a summons on the Defendant. (Def.'s Reply (Doc. 59) at 7.)

Federal Rule of Civil Procedure 4(j)(2) governs the service of process upon state agencies.[2] See Diede v. UNC Healthcare, No. 5:16-CV-00788, 2018 WL 549430, at *4 (M.D.N.C. Jan. 24, 2018) (unpublished). That rule provides that a state agency "must be served by" either: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). "North Carolina law allows service of process on a state agency defendant by serving its process agent or, if no process agent has been appointed, by serving the Attorney General or a deputy or assistant attorney general." Brown v. Winston-Salem State Univ., No. 1:06CV588, 2008 WL 11355355, at

---

[2] "The University of North Carolina is a state agency." Bryant v. Locklear, 947 F. Supp. 915, 916 (E.D.N.C. 1996) (citing Bd. of Governors of the Univ. of N.C. v. U.S. Dep't of Lab., 917 F.2d 812 (4th Cir. 1990)).

- 4 -

*2 (M.D.N.C. Sept. 16, 2008) (unpublished) (citing N.C. R. Civ. P. 4(j)(4)).

"While mere technicalities ordinarily should not stand in the way of finding proper service and courts will liberally construe the rules when actual notice occurs, 'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" Chrisp, 471 F. Supp. 3d at 716 (quoting Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citing Armco, Inc., 733 F.2d at 1089).

Although Plaintiff contends he emailed a copy of his Complaint to various individuals at the University of North Carolina at Chapel Hill, he failed to establish he delivered a summons or a copy of the Complaint in accordance with Fed. R. Civ. P. 4(j)(2) or N.C. R. Civ. P. 4(j)(4).

If a defendant is not served within 90 days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff can show good cause for the failure to provide service, "the

- 5 -

court must extend the time for service for an appropriate period." Id.

"Good cause" requires a "showing of diligence on the part of the plaintiff[]." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019). Consistent with that foundational principle, good cause is commonly found to "exist[ ] when the failure of service is due to external factors, such as the defendant's intentional evasion of service," but "significant periods of inactivity" and a "fail[ure] to seek extension of time before [the] deadline [has] lapsed" tend to undercut any claim of good cause. Id. At bottom, "[w]hile 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court" in its review. Id.; see also 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1137 (4th ed. 2015) (explaining that in evaluating good cause under Rule 4(m), "courts have rejected excuses based on ... ignorance of the rule, the absence of prejudice to the defendant, ... inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party").

Gelin v. Shuman, 35 F.4th 212, 218 (4th Cir. 2022). Plaintiff's pro se status alone does not establish good cause. See Chrisp, 471 F. Supp. 3d at 717 (dismissing pro se plaintiff's complaint for failure to effectuate proper service).

Here, there is no indication that the lack of proper service was due to external factors such as Defendant's intentional evasion of service. Moreover, there is no indication that Plaintiff made reasonable efforts to properly serve Defendant with a summons, such as by hiring a process server. Cf. Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003) (finding good cause for pro se plaintiff's failure to effect

legal service on defendant when plaintiff hired a professional process server and process server attempted multiple times to effectuate service).

Plaintiff filed his Second Amended Complaint on March 4, 2023. (See Doc. 43.) There is no indication that Plaintiff has made any efforts other than emailing a copy of the Complaint since then. Plaintiff has shown his ability to request a summons for the individual defendants he originally named in this action, (see Summons (Doc. 3)), and his ability to hire a process server, (see Proof of Service (Doc. 7); Compl. (Doc. 43) at 18 (requesting relief for process server cost)), yet has not made similar efforts to serve Defendant University of North Carolina.

In sum, Plaintiff has not shown good cause for his failure to serve Defendant. While, even absent a showing of good cause, "a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons," Gelin, 35 F.4th at 220, this court declines to exercise that discretion here. Plaintiff has had multiple opportunities to amend his complaint but in doing so has failed to adhere to the Federal Rules of Civil Procedure and the Orders of this court. (See generally Order (Doc. 50) (recounting the

- 7 -

Case 1:22-cv-00005-WO-LPA   Document 61   Filed 09/30/24   Page 7 of 8

flaws in Plaintiff's initial complaint and successive amendments).)

## III. CONCLUSION

Plaintiff has failed to show good cause for his failure to effectuate service of process on Defendant. It is within this court's discretion to either dismiss the Complaint without prejudice or extend the time period to allow Plaintiff to serve Defendant. This court finds it appropriate to dismiss the Complaint under the present circumstances.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Second Amended Complaint, (Doc. 56), is **GRANTED**. Plaintiff's Complaint will be dismissed without prejudice.

A Judgment dismissing this action will be filed contemporaneously herewith.

This the 30th day of September, 2024.

/s/ William L. Osteen, Jr.
United States District Judge